IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

_____

| | |
|---|---|
| Courtroom Deputy: Deborah Hansen | Date: September 10, 2011 |
| Court Reporter: Tracy Weir | Probation: Justine L. Kozak |

_____

Criminal Action No.  12-cr-00363-WJM          <u>Counsel:</u>

UNITED STATES OF AMERICA,                    Alecia Riewerts Wolak

     Plaintiff,

v.

DAVID PAUL MOE,                              Lisa Fine Moses

     Defendant.

_____

**COURTROOM MINUTES**
_____

EVIDENTIARY SENTENCING HEARING

02:09 p.m.    Court in Session

Appearances

Defendant is present and in custody.

Oath administered to the defendant.

Court's comments

Sentencing recommendation summary (by Ms. Wolak)

Sentencing recommendation summary (by Ms. Moses)

The Court takes up Restricted Level 2 - ECF No. 85

1

Argument (by Ms. Moses)

Argument (by Ms. Wolak)

**ORDERED:   No ruling is necessary as to (ECF No. 85).**

**ORDERED:   There being no objection to the United States' Motion Under U.S.S.G. 3E1.1(b) For 1-Level Reduction in Defendant's Offense Level for Acceptance of Responsibility (ECF No. 88), the Motion is GRANTED.**

**ORDERED:   There being no objection to the United States' Motion to Dismiss Counts Two and Three of the Indictment At Time Of Sentencing (ECF No. 89), the motion is GRANTED.**

The Court takes up the Defendant's Motion for Variance and a Below-Guideline Statutory Sentence (ECF No. 87):

**DEFENDANT'S WITNESS JOHN DAVIS**
02:25 Direct (by Ms. Moses)

03:00  Cross (by Ms. Wolak)

03:32  Redirect

**DEFENDANT'S WITNESS SPENCER FRIEDMAN**
03:40 Direct (by Ms. Moses)

04:02  Court in Recess
04:12  Court in Session

**DEFENDANT'S WITNESS SPENCER FRIEDMAN**
04:12  Cross (by Ms. Wolak)

04:23 Evidence closed.

04:23  Argument (by Ms. Moses)

04:52  Argument (by Ms. Wolak)

**ORDERED:   The Stipulation of the parties is accepted and will be made a part of the record in this case.**

The Court enters the statutory sentencing factors set forth in § 3553(a) in light of the specific facts of this case.

Statement by Steven Andrew Moe, defendant's older brother

Defendant's Allocution

**ORDERED:** **The Defendant's Motion for Variance and a Below-Guideline Statutory Sentence (ECF No. 87) is GRANTED IN PART.**

> Defendant plead guilty to Count One of the Indictment and admitted to the criminal forfeiture allegation in the Indictment on May 30, 2013.

**ORDERED:** **Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, David Paul Moe, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 96 months.**

**In serving this term of incarceration the Court recommends that the Director of the Bureau of Prisons give defendant full credit for his time served in pretrial detention.**

**The Court recommends that the Bureau of Prisons place the defendant at a facility appropriate to his security designation located within the district and state of Colorado**.

**ORDERED:** **Upon release from imprisonment defendant is placed on supervised release for a term of ten years.**

**Within 72 hours of release from the custody of the Bureau of Prisons defendant must report in person to the probation office in the district to which defendant is released.  And while on supervised release defendant shall not commit another federal, state or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and defendant must comply with the standard conditions adopted by this Court.**

**It is an express condition of supervision that the defendant pay restitution and the special assessment in accordance with the Schedule of Payments sheet set forth in the Court's Judgment.**

**The defendant shall not unlawfully possess and shall refrain from unlawfully using a controlled substance.  The defendant shall submit to one drug test within 15 days of release on Supervised Release and two periodic tests thereafter.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

**The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16911, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student, or was convicted of a qualifying offense.**

**ORDERED: The following special conditions of supervised release are imposed:**

1. **The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.**

2. **The defendant shall participate in and successfully complete an approved program of sex offender evaluation and treatment, which may include polygraph, plethysmograph and Abel examinations, as directed by the probation officer.  The defendant will be required to pay the cost of these evaluations and treatment.  The defendant shall comply with the rules and restrictions specified by the treatment agency.  The Court authorizes the probation officer to release psychological reports and/or the presentence reports to the treatment agency for continuity of treatment.**

3. **The defendant's use of computers and Internet access devices shall be limited to those the defendant requests to use, and which the probation officer authorizes.**

4. **The defendant shall allow the probation officer to install software and hardware designed to monitor computer activities on any computer the defendant is authorized by the probation officer to use.  The software may record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations.**

   **A notice will be placed on the computer at the time of**

>    installation to warn others of the existence of the
>    monitoring software on the computer.  The defendant shall not
>    attempt to remove, tamper with, reverse engineer, or in any
>    way circumvent this software and hardware.
>
>    5.  Any employment by the defendant shall be approved in
>    advance by the probation officer.

**ORDERED:** The defendant shall pay a Special Assessment of $100.00, which shall be due and payable immediately.

The Court FINDS that the Defendant does not have the ability to pay a fine, so the Court will waive the payment of any fine in this case other than the Special Assessment.

**ORDERED:** Defendant shall make Restitution as follows:

| VICTIMS: | AMOUNT |
|---|---|
| Carol L. Hepburn, PS in Trust for "Vicky"<br>2722 Eastlake Avenue East, Suite 200<br>Seattle, WA 98102 | $5,000 |
| Cusack, Gilfillan & O'Day, LLC for "Cindy"<br>415 Hamilton Boulevard<br>Peoria, IL 61602 | $5,000 |
| The Law Office for Erik L. Bauer, in Trust for "John Doe IV"<br>215 Tacoma Avenue<br>Tacoma, WA 98402 | $5,000 |

**ORDERED:** Restitution payments shall be divided equally among the victims.

**ORDERED:** Interest on the restitution is WAIVED.

**ORDERED:** Having assessed the defendant's ability to pay, the Court orders that payment of the monetary obligations shall be due as follows:

> The special assessment and restitution obligation are due immediately.  Any unpaid restitution balance upon release from incarceration shall be paid in monthly installment payments during the term of supervised release of not less than 5% of the defendant's net household monthly income.

**ORDERED:   Pursuant to Rule 32.2 of the Fed. Rules of Crim. P. and the defendant's admission to the forfeiture allegation in the Indictment, the defendant shall forfeit to the United States any and all property, real or personal, derived from proceeds from the instant offense and as stipulated to in the Plea Agreement.**

Defendant advised of his right to appeal his conviction, as well as the sentence imposed, except in very limited circumstances.

**ORDERED:   Defendant is REMANDED to the custody of the U.S. Marshal.**

06:22 p.m.   Court in Recess
             Hearing concluded
             Time: Four hours and three minutes